```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


JOSEF BADASH                        )
                                    )
     Petitioner,                    )
                                    )
v.                                  )    CIVIL ACTION NO.
                                    )    08-12095-DPW
CAROLYN A. SABOL                    )
                                    )
                                    )
     Respondent.                    )
```

## MEMORANDUM AND ORDER
### March 16, 2010

The petitioner, a federal prisoner of Federal Medical Center in Devens, Massachusetts ("FMC Devens"), through what he styles a petition for habeas corpus, claims a violation of his constitutional rights arising from a disciplinary hearing that resulted in his loss of good conduct time.

The underlying hearing concerned whether the petitioner had taken food stuffs from the Religious Services department without authorization. The petitioner claims that he did not know his possession of the food stuffs was not authorized. After a hearing, at which the petitioner and another inmate testified, a Disciplinary Hearing Officer found against him. On the basis of the evidence, both documentary and testamentary, the Hearing Officer, while rejecting certain other allegations, concluded the petitioner had violated Disciplinary Code 305, Possession of Anything Not Authorized for possessing certain - but not all - of the food stuffs alleged.

I find no deprivation of petitioner's due process rights in the disciplinary hearing. He received notice, an opportunity to call witnesses and submit documentary evidence and ultimately a reasoned written resolution of the charges. *See generally Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). The resolution appears to turn, in significant part, on a credibility contest between petitioner and personnel in the Religious Services department. In this context, such credibility determinations are the province of the Hearing Officer. A reviewing court, like this, will not substitute any differing views regarding credibility from those developed in a hearing conducted in a manner consistent with due process standards and based upon a record with adequate evidence. *Hill*, 472 U.S. at 455-56. The petitioner offers nothing other than his disagreement with the outcome to support his contrary position.

The petitioner has failed to establish grounds for habeas corpus relief. Consequently, the Clerk is directed to enter a judgment of DISMISSAL in this matter.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE